MANDATE
Case 3:01-cv-01304-SRU   Document 70   Filed 04/24/2006   Page 1 of 6
CTDC/NHCT
01-CV-1304
FILED UNDERHILL
2006 APR 24 P 3:45
U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 7th day of February, two thousand and six.

PRESENT:

> HON. GUIDO CALABRESI,
> HON. CHESTER J. STRAUB,
> HON. RICHARD C. WESLEY,
> > *Circuit Judges.*

---

KUBA O. ASSEGAI,

> *Plaintiff-Appellant,*

v.                                                            No. 04-3667-cv

BLOOMFIELD BD. OF ED., PAUL COPES, I/O, ERIC
COLEMAN, I/O, TOWN OF BLOOMFIELD POLICE
DEPT., RICHARD MULHALL,* Police Chief, I/O,
CINDY LLOYD, I/O, MATTHEW BORRELLI,

> *Defendants-Appellees.*

---

\* The Clerk is directed to change the spelling of Mulhall's name on the official caption from "Mullhall" to "Mulhall," which represents the proper spelling.

1

| For Plaintiff-Appellant: | CYNTHIA RENEE JENNINGS, The Barrister Law Group, Bridgeport, Conn., *for* Paul M. Ngobeni, Law Offices of Paul M. Ngobeni, East Hartford, Conn. |
|---|---|
| For Defendants-Appellees: | JOHN J. RADSHAW, III, Howd & Ludorf, LLC, Hartford, Conn., *for* Bloomfield Bd. of Ed., Paul Copes, and Matthew Borrelli. |
| | SCOTT M. KARSTEN, Sack, Spector & Karsten, LLP, West Hartford, Conn., *for* Bloomfield Police Dept., Richard C. Mulhall, Cindy Lloyd, and Eric Coleman. |

Appeal from a final decision of the United States District Court for the District of Connecticut (Underhill, *J.*).

---

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

---

Plaintiff-Appellant Kuba O. Assegai appeals from the district court's grant of summary judgment to the defendants in his suit alleging, *inter alia*, false arrest and imprisonment, malicious prosecution, violations of his First Amendment rights, and infliction of emotional distress. Assegai claims that the defendants-appellees – the Board of Education and police department of Bloomfield, Conn., and various municipal employees – conspired to deprive him of his civil rights by (a) obtaining an injunction that restricted his ability to enter the Bloomfield public schools and (b) subsequently causing him to be arrested without probable cause.

The district court dismissed Assegai's claims principally on two grounds. It held, first, that, with the exception of Assegai's claim for malicious prosecution, all of his federal claims

were barred by the statute of limitations. Second, the district court concluded that Assegai's malicious prosecution claim should be dismissed because the criminal charges against him were resolved via a *nolle prosequi*, Conn. Gen. Stat. § 54-56b, which, the court said, did not qualify as a termination in Assegai's favor. The district court declined to exercise supplemental jurisdiction over Assegai's state law claim for infliction of emotional distress.[1]

We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

In federal suits brought, as here, pursuant to 42 U.S.C. § 1983, we borrow the statute of limitations from the most appropriate or analogous state statute of limitations. *Lounsberry v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994). Under Connecticut law, an action founded upon a tort carries a three-year statute of limitations, Conn. Gen. Stat. § 52-577, and under federal law, a claim accrues for statute of limitations purposes "when the plaintiff knows or has reason to know of the harm." *Washington v. County of Rockland*, 373 F.3d 310, 317 (2d Cir. 2004) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). Since Assegai did not bring suit until July 10, 2001, any of his claims that accrued before July 10, 1998 are time-barred.

As the district court held, most of Assegai's claims had accrued, at the latest, by the time of his April 1998 arrest, and therefore run afoul of the statute of limitations. The district court was also correct, and the defendants concede, that Assegai's claim for malicious prosecution was *not* time-barred because such a claim must await resolution of the underlying criminal charges.

---

[1] The district court also dismissed Assegai's claim against Defendant-Appellee Matthew Borrelli for failure of service, *see* Fed. R. Civ. P. 4(m). Since Assegai does not raise this issue on appeal, we deem his claim against Borrelli abandoned. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004).

3

1   Only then could Assegai determine whether those charges were terminated in his favor, which is
2   an element of a malicious prosecution claim in Connecticut. *QSP, Inc. v. AETNA Cas. & Sur.*
3   *Co.*, 773 A.2d 906, 918 n.16 (Conn. 2001); *see Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994)
4   ("Though section 1983 provides the federal claim, we borrow the elements of the underlying
5   malicious prosecution tort from state law."). The same is arguably true of Assegai's claim for
6   false arrest and imprisonment, *see Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir.
7   1999), though we note that it is not clear from Assegai's complaint whether his false arrest and
8   imprisonment claim is distinct from his claim for malicious prosecution. *See Singer v. Fulton*
9   *County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) (noting that an unlawful arrest made pursuant to
10  an arrest warrant sounds not in false arrest but in malicious prosecution (citing *Broughton v. New*
11  *York*, 335 N.E.2d 310, 314 (N.Y. 1975))).

12      We need not resolve whether Assegai's false arrest claim is time-barred because, as we
13  explain below, his false arrest and malicious prosecution claims both fail for lack of any showing
14  that he was arrested without probable cause. Both false arrest and malicious prosecution claims
15  require the plaintiff to produce evidence that the underlying action was instituted without
16  probable cause. *See Singer*, 63 F.3d 110, 118 (2d Cir. 1995); *Pinksy v. Duncan*, 79 F.3d 306, 312
17  (2d Cir. 1996). Assegai alleges that the arresting officer misrepresented the February 5, 1998
18  restraining order against him by stating that it required him to make prior arrangements with the
19  school's administration before entering the Bloomfield schools. Compl. ¶ 68. But the February 5,
20  1998 order unambiguously states that, though Assegai may be on school grounds for the purpose
21  of transporting his children to and from school, he may not enter school buildings without prior
22  notice and permission.

The arrest warrant application included eyewitness statements detailing Assegai's multiple visits to Bloomfield school buildings and to classrooms therein. Assegai neither disputes the truth of these statements nor claims that he obtained the required permission. *See* Compl. ¶ 79. Since Assegai has failed to "produce evidence directly rebutting" the charges for which he was arrested, *Davis*, 364 F.3d at 435, summary judgment is appropriate.

Because we conclude that Assegai cannot show the required element of lack of probable cause, we need not decide whether a *nolle prosequi* in Connecticut is a *per se* bar to a claim of malicious prosecution.[2] *See Palmer v. Occidental Chem. Corp.*, 356 F.3d 235, 236 (2d Cir. 2004) ("We may affirm on any ground with support in the record, even if it was not the ground relied on by the District Court.").

We have carefully considered all of Assegai's other arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.

---

[2] Our court held in *Roesch v. Otarola*, 980 F.2d 850 (2d Cir. 1992), that "[a] person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his section 1983 claim." *Id.* at 853. Some district courts sitting in Connecticut have concluded, based on this language, that a prosecution resulting in a *nolle* is not a favorable termination for the purpose of a malicious prosecution charge. *See, e.g.*, *Simpson v. Denardo*, No. 02-cv-1471, 2004 WL 1737444, at *10 (D. Conn. July 29, 2004); *Bacchiocchi v. Chapman*, No. 03:02-cv-1403, 2004 U.S. Dist. LEXIS 1077, at *13 (D. Conn. Jan. 26, 2004). Other district courts, relying on the fact that Connecticut law permits a prosecution terminating in a *nolle* to form the basis of a malicious prosecution claim where the *nolle* was granted without consideration, *see DeLaurentis v. City of New Haven*, 597 A.2d 807, 821 (Conn. 1991); *See v. Gosselin*, 48 A.2d 560 (Conn. 1946), have held that a *nolle* does not, *per se*, preclude initiation of a malicious prosecution suit in federal court. *See, e.g.*, *Holman v. Cascio*, 390 F. Supp. 2d 120, 122-25 (D. Conn. 2005); *Galazo v. City of Waterbury*, 303 F. Supp. 2d 213, 218-19 (D. Conn. 2004). We express no opinion on the appropriate resolution of this apparent tension.

1

2

3

4

5

6

For the Court,

ROSEANN B. MACKECHNIE,

Clerk of Court

by *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Tommy Martinez*
DEPUTY CLERK